## AFFIDAVIT

### I. Introduction

1. I, Scott Murray, having been duly sworn, depose and state I am a special agent with the federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed with the ATF for approximately 19 years. Prior to working for the ATF, I worked as a police officer for the Phoenix, Arizona Police Department for nearly five years. I am familiar with federal laws relating to explosives, bombs, firearms, and narcotics. I have been trained in the investigation of said offenses and have participated in related investigations.

2. I submit this affidavit in support of an application for the issuance of a warrant to search the rear residence and property located at 3256 Highbridge Road in Georgia, Vermont (the Subject Property), which is described with greater particularity in Attachment A, which is attached hereto and incorporated herein. As described below, there is probable cause to believe that the Subject Property contains evidence with respect to violations of the federal firearms laws, specifically the Possession of a Firearm or Ammunition by a Person Previously Convicted of a Felony Offense in violation of 18 U.S.C. § 922(g)(1).

3. The information contained in this affidavit is based upon my training, experience, and investigation, as well as information conveyed to me by other law enforcement officers. The following is either known to me personally or has been related to me by persons having direct knowledge of the events described below, including other law enforcement officers involved in this investigation. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation.

### II. Probable Cause

4. Probable cause exists to believe evidence of an unrecovered firearm and

1

ammunition would be found at the Subject Property, which consists primarily of an apartment on the back side of the residence located at 3256 Highbridge Road in Georgia, Vermont.

5. On April 12, 2021, at approximately 1:30 P.M., Vermont State Police (VSP) Troopers Michael Kamerling and Christopher Finley responded to a landlord tenant dispute at the Subject Property. There has been an ongoing dispute between the owner of the Subject Property, Jacqueline Sawyer, and the tenant, Robert Loyer. Sawyer owns the main residence attached to the Subject Property. Sawyer had been advised by VSP previously that she could not lawfully enter the Subject Property while in disagreement with Loyer over owed payments and other issues.

6. Through the course of the investigation, on April 12, 2021 Troopers found that the property owner's adult son, Nickolas Smith, had unlawfully entered the Subject Property, where Loyer resides by himself. Smith stated he had entered the apartment to take measurements in order to get a town permit regarding the Subject Property. Smith told Troopers that while inside the Subject Property he observed an assault-type rifle with a loaded ammunition magazine. Smith took a photograph of the rifle, which he showed to police. The rifle appeared to be a semi-automatic version of a 7.62 x 39 caliber AK-47-type rifle. Smith also stated he observed a large capacity magazine that contained ammunition inside. After viewing the photograph Smith showed them, the Troopers were concerned because they determined that Loyer was a previously convicted felon and is prohibited from possessing firearms.

7. In particular, Troopers conducted a criminal history inquiry finding Loyer has two prior felony convictions in Vermont. The records revealed that, on or about October 21, 2019, Loyer was convicted of two counts of Grand Larceny, one count in Chittenden County and one count in Franklin County. Under State of Vermont law, Grand Larceny is punishable by a term of imprisonment of up to 10 years.

8. Troopers left the vicinity of the Subject Property after interacting with Smith but later returned after receiving a call from Loyer that he (Loyer) had returned home and was in a dispute with Smith and Sawyer. Upon returning, Troopers made contact with Loyer, who had briefly entered the Subject Property. Based on his visual observation of Loyer entering and exiting the Subject Property, Trooper Kamerling advised that Loyer did not appear to remove the rifle from the residence. Troopers attempted to have Loyer voluntarily turn over the rifle to them for safety since he was prohibited from possessing the firearm, but Loyer refused. Loyer made attempts to contact an attorney and refused to cooperate with police.

9. Troopers told Loyer that the residence would be secured for a potential search warrant and denied Loyer further entry into the Subject Property pending the investigation.

10. Based upon my training and experience, I know that it is a violation of 18 U.S.C. § 922(g)(1), for any person, knowing that they have been convicted of a crime punishable by imprisonment for a term exceeding one year, to knowingly ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

11. I have received specialized training with ATF as an interstate nexus expert in regard to the identification of firearms and determination of firearm and ammunition manufacturing locations. There are a variety of companies world-wide that manufacture AK-47 type rifles that are sold in the United States. There is one company in Vermont, Century Arms International (CAI) that manufactures AK-47 type rifles. However, the majority of recovered CAI rifles are imported from other countries into the United States. The rifles that are manufactured in Vermont are typically shipped out of the state of Vermont to a distributor before being shipped to a local gun shop to be sold to an individual customer. There have not been

manufacturers of 7.62 x 39 caliber or other similar ammunition used in these types of rifles located in the state of Vermont, and therefore the possessed ammunition would have traveled in interstate and/or foreign commerce prior its location within the Subject Property.

12. There is reasonable cause to execute this warrant at any time day or night as Troopers have secured the Subject Property pending this application for a search warrant, which is being presented to the Court during the night of below-listed date.

13. As discussed above, I submit that there is probable cause to believe that evidence of the offenses referenced in the paragraphs above, and as set forth in Attachment B, will be located on the Subject Property, described with greater particularity in Attachment A.

Dated at Burlington, in the District of Vermont, this 12th day of April, 2021.

_____
Special Agent Scott Murray
Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to and subscribed before me this 12th day of April, 2021.

_____
Hon. Kevin J. Doyle
United States Magistrate Judge